UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STACI SMITH,<br><br>                Plaintiff,<br><br>vs.<br><br>POLARIS INDUSTRIES, INC., and POLARIS SALES, INC.,<br><br>                Defendants. | 4:15-CV-04165-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AMENDED COMPLAINT AND REMAND CASE TO STATE COURT |

Plaintiff, Staci Smith, brings this action against defendants, Polaris Industries, Inc., and Polaris Sales, Inc., alleging multiple causes of action surrounding an ATV accident. Smith seeks to amend her complaint and to have her case remanded to state court. Polaris resists the motion. For the reasons stated below, the court grants Smith's motion.

## BACKGROUND

Smith and her husband purchased a Polaris ATV from MidAmerica Motoplex. Two days later, while the couple was riding the ATV, the ATV's throttle got stuck in the wide-open position causing the ATV to accelerate rapidly. As a result, Smith was thrown from the ATV. The fall caused injuries to Smith's cervical spine, left knee, left shoulder, and left hip. An inspection of the ATV showed that the malfunction occurred because of water damage to the

throttle control. Docket 17-4 at 3. The Smiths received this information sometime before filing their suit. Document 18 at 5.

Smith started litigation against Polaris Industries, Inc., and Polaris Sales, Inc., on October 21, 2015. Polaris removed the case to federal court on November 2, 2015. During the parties' Rule 26 conference, plaintiff's counsel received a copy of the owner's manual for the ATV. The manual explains that the ATV cannot be power washed and that "[h]igh water pressure may damage components." Docket 17 at 1; Docket 17-1 at 120. After receiving the manual, Smith decided that MidAmerica needed to be added to the case. Docket at 2. Plaintiff's counsel asked defense counsel whether Polaris intended to assert third-party claims against MidAmerica. *Id.* On December 11, 2015, plaintiff's counsel sent an email to defense counsel asking if Polaris intended to add MidAmerica to this case. Docket 17-3 at 3. On December 16, defense counsel replied that Polaris would not add MidAmerica as a defendant. *Id.* at 2. Two days later, plaintiff's counsel responded that Smith would file a motion to amend the complaint and to remand the case to state court. *Id.* at 1. On December 24, 2015, Smith filed her motion.

## LEGAL STANDARD

Generally, motions to amend are freely granted when justice so requires. Fed. R. Civ. P. 15(a). This standard changes, however, when the plaintiff seeks to amend her complaint and the amendment would destroy the court's subject matter jurisdiction. In this situation, the Eighth Circuit Court of Appeals has explained:

> The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. . . . In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.

*Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). When deciding whether remand is appropriate, a court must consider these criteria: "(1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, (2) whether [the] plaintiff has been dilatory in asking for amendment, and (3) whether [the] plaintiff will be significantly injured if amendment is not allowed." *Id.* (alterations in original) (quoting *Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991)). Here the court has two options: (1) deny joinder and maintain federal jurisdiction, or (2) permit joinder and remand the case to state court. 28 U.S.C. § 1447(e).

## DISCUSSION

The issue before the court involves a balancing of two interests: (1) Polaris's interest in maintaining the federal forum and (2) the competing interest in avoiding parallel litigation. *Bailey*, 563 F.3d at 309 (quoting *Hensgens*, 833 F.2d at 1182). Under the analysis outlined in *Bailey*, the court finds that the prevailing interests in this situation require that the case be remanded to state court.

**A.     Smith does not seek joinder to defeat federal jurisdiction.**

It appears Smith seeks to add MidAmerica as a defendant to the case because MidAmerica's actions may have caused the ATV's throttle to malfunction—not because Smith seeks to destroy federal jurisdiction. Neither party disputes that Smith has a potential claim against MidAmerica. *See* Docket 17-3 at 2 (stating "Polaris is adamant that this is a dealer/customer matter . . . just dealer and customer negligence."); Docket 19 at 8; Docket 18 at 3-6. Neither party argues that Smith is adding a frivolous claim in hopes of destroying federal jurisdiction.

Rather, the heart of Polaris's argument is that MidAmerica is a sham defendant. To support its theory, Polaris raises two arguments: (1) MidAmerica is "no longer in business" so any judgment against it is not collectable[1] and (2) Smith should have known she had a claim against MidAmerica before she filed her complaint.[2] This court finds neither argument persuasive. Although MidAmerica may no longer be in business as a Polaris dealer, there is evidence that MidAmerica has a $1,000,000 liability insurance policy that could apply to Smith's claim. Docket 22 at 2; Docket 23-1. If there is liability insurance, Smith can collect a judgment against MidAmerica. And even if Smith should have known she had a claim against MidAmerica before she filed her complaint—that does not mean Smith's motion to amend is driven by a desire to destroy diversity. As explained in Smith's brief, MidAmerica was helping

---

[1] Docket 19 at 1-2, 7.
[2] *Id.* at 5-6 (citing *Johnson v. Texas Roadhouse Holdings, LLC*, No. 4:10-cv-36 CDP, 2010 WL 2978085, at *2 (E.D. Mo. July 23, 2010)).

4

Smith and her husband fix their ATV and prepare for trial. Docket 22 at 3-4. Smith believed "MidAmerica representatives would be cooperative witnesses in establishing [Polaris's] fault." *Id.* at 4. This view has changed. Smith now believes MidAmerica's liability is a "substantial issue in the case." *Id.* Again, Polaris does not dispute that fact. Docket 17-3 at 2; Docket 19 at 8. Because this court believes Smith is not seeking to add MidAmerica as a defendant to defeat federal jurisdiction, this factor ways in favor of Smith.

**B.     Smith has not been dilatory in seeking to amend her complaint.**

Polaris argues Smith was dilatory in filing her motion to amend because Smith knew she had a potential claim against MidAmerica before she filed her state court complaint. As explained above, however, Smith's actions were shaped by the changing circumstances surrounding her relationship with MidAmerica, not a lack of diligence. Smith also notified Polaris that she intended to amend the complaint shortly after Polaris chose not to add MidAmerica to the litigation. Furthermore, Smith sought to add MidAmerica during the early stages of the litigation. Smith filed her motion to amend the complaint within one month of the parties' Rule 26(f) planning meeting. Thus, the court finds that this factor weighs in favor of Smith.

**C.     Smith will not be significantly injured if the amendment is not allowed.**

Polaris argues Smith will not be significantly injured if the court denies Smith's motion to amend because MidAmerica is merely a joint tortfeasor. Docket 19 at 8. The Eighth Circuit Court of Appeals has stated that a party will not be significantly injured if a joint tortfeasor is not added to a case. *Bailey*,

5

563 F.3d at 309. Smith does not dispute the Eighth Circuit's ruling. Because MidAmerica is merely a joint tortfeasor, this factor weighs in favor of Polaris.

**D.    The interests in avoiding parallel litigation outweigh Polaris's interest in maintaining a federal forum.**

Ultimately, this court must "balance the defendant's interests in maintaining the federal forum with the competing interests of having parallel lawsuits." *Bailey*, 563 F.3d at 309 (quoting *Hensgens*, 833 F.2d at 1182). Neither party disputes that if Smith's motion to amend is denied, parallel state and federal litigation will result. Neither party disputes that the issues at trial will be the same for both the state court and federal court. To ensure the most effective use of judicial resources, Smith's claims against Polaris and MidAmerica should be combined into one action. Furthermore, because Smith is not seeking to amend her complaint to defeat federal jurisdiction and because Smith was not dilatory in filling her motion to amend, the factors in favor of granting Smith's motion prevail.

**E.    Smith is not required to pay Polaris's attorney fees.**

Polaris requests that Smith pay Polaris's "costs and fees pursuant to Fed. R. Civ. P. 41(d)." Docket 19 at 10. Rule 41(d) states, "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:  (1) may order the plaintiff to pay all or part of the costs of that previous action . . . ." Polaris cites multiple cases to support its argument; however, each case involves a dismissal of some type. *Reddy v. Rallapally*, 103 F. App'x 65 (8th Cir. 2004); *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 105 (8th Cir. 1992); *Core v.*

6

*Sw. Bell Tel. Co.*, 847 F.2d 497, 498 (8th Cir. 1988); *Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 121-122 (8th Cir. 1980); *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 2006 WL 2092595 (D.S.D. July 26, 2006). Here Smith has not previously dismissed an action based on the same claim against Polaris. Rule 41(d) is inapplicable. Thus, Smith is not required to pay Polaris's attorney fees.

## CONCLUSION

The interests in avoiding parallel litigation outweigh Polaris's interest in maintaining a federal forum. Thus, Smith may amend her complaint, and the case is remanded to state court. Because the case is being remanded and not dismissed, Polaris is not entitled to receive payment for its fees and costs. It is

ORDERED that Smith's motion (Docket 16) is granted.

DATED this 28th day of July, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE